**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Fornix Holdings LLC, et al., | No. CV-22-00494-PHX-DLR |
| Plaintiffs, | **ORDER** |
| v. | |
| Unknown Party, | |
| Defendant. | |

Pending before the Court is Plaintiffs' *ex parte* motion for a temporary restraining order ("TRO"), which accuses an unnamed defendant of pilfering their property, exposing it on a website, and reaping ill-gotten booty from those acts.  Also before the Court are Plaintiffs' requests for expedited discovery, leave to employ alternative service, and a preliminary injunction hearing.  The Court grants relief in part.

**I.  Background**

Plaintiff CP Productions, Inc, an Arizona company, operates <gloryholeswallow.com> ("the Website") where it distributes and markets 955 self-produced "visual and audiovisual works that depict nude females and males engaging in sexual activities" (the "Works").  (Doc. 2 at 9.)  Plaintiff Fornix Holdings LLC formed to prosecute, manage, and protect the copyrights in the works.  (*Id.*)  So far, Plaintiffs have registered copyrights for 157 of the Works and is seeking to register copyrights for the rest of the Works.  (*Id.*)  Plaintiffs paywall their full-length Works on the Website, charging a

subscription fee.  Plaintiffs also include a warning in each of the Works that "It's illegal to share [the Work]."  (Doc. 2 at 10.)

But, Plaintiffs allege, an unnamed defendant has snatched images from 500 Works from the Website and exhibited them on <cumswallowingmovies.org> ("the Blog") in a blog format.  (*Id.*)  The Blog allows visitors to view only Plaintiffs' Works by filtering blog posts for "Gloryhole Swallow," Plaintiffs' trade name.  (*Id.*)  Judging by the number of comments teeming below each Work, visitors to the Blog have peeped the Works "hundreds, if not thousands of times."  (Doc. 2 at 11.)  The defendant covers up the ownership of the Blog with a privacy service.  (*Id.*)

Plaintiffs further allege that the defendant hosts unauthorized copies of the Works on certain peer-to-peer file-sharing platforms.  The thumbnails of Plaintiffs' works on the Blog include hyperlinks to the third-party file sharing sites where a visitor may download unauthorized copies of Plaintiffs' works.  Because these file-sharing sites reward file uploaders like the defendant on a per-view or per-download basis, the defendant profits from distributing unauthorized copies of the Works.  Plaintiffs attempted to contact the defendant through the contact email address posted on the Blog.  They received no response.

Plaintiffs allege they have been harmed financially by the defendant's unauthorized distribution of their Works, and their paying subscribers "complain" about the "free, pirated videos" available on the defendant's site.  Thus, they ask this Court to grant a temporary restraining order directing (1) non-party Namecheap, Inc., the domain registrar, to disable the Blog and place a registrar lock on the domain name and (2) non-party Cloudflare, the service provider, to suspend services and lock the defendant's account. Plaintiffs also ask the Court to (1) set a show cause hearing addressing why the TRO should not become a preliminary injunction against the defendant, (2) allow alternative service upon the defendant by its email address registered with Namecheap Inc., and (3) permit expedited discovery directed to Namecheap to reveal the defendant's identity.

**II.  The Temporary Restraining Order**

Plaintiffs' proposed TRO directs non-parties Namecheap and Cloudflare to take certain actions to disable the Blog.  The Court may issue a TRO against non-party entities who have an agency relationship with a party or who otherwise "are in active concert or participation" with a party.  Fed. R. Civ. P. 65(d)(2)(B)-(C).  The Supreme Court has summarized the scope of the rule as follows:

> This [rule] is derived from the common law doctrine that a decree of injunction not only binds the parties defendant but also those identified with them in interest, in "privity" with them, represented by them or subject to their control. In essence it is that defendants may not nullify a decree by carrying out prohibited acts through aiders and abettors, although they were not parties to the original proceeding.

*Regal Knitwear Co. v. N.L.R.B.*, 324 U.S. 9, 14 (1945).  Thus, "[a]n injunction binds a non-party only if it has actual notice and either 'abets the enjoined party' in violating the injunction or is 'legally identified' with the enjoined party."  *CFPB v. Howard Law, P.C.*, 671 F. App'x 954, 955 (9th Cir. 2016) (citing *United States v. Baker*, 641 F.2d 1311, 1313 (9th Cir. 1981), and *NLRB v. Sequoia Dist. Council of Carpenters*, AFL-CIO, 568 F.2d 628, 633 (9th Cir. 1977)); *see also Saga Int'l, Inc. v. John D. Brush & Co.*, 984 F. Supp. 1283, 1286 (C.D. Cal. 1997) ("An injunction applies only to a party, those who aid and abet a party, and those in privity with a party.").

Plaintiffs argue that domain registrars and hosting service providers necessarily "act in concert or participation" when a client of theirs uses the domain and website to infringe copyrighted property.  (Doc. 2 at 16.)  Plaintiffs do not allege an agency relationship. Plaintiffs' argument fails because they do not allege that Cloudflare or Namecheap knew of the defendant's allegedly infringing conduct and nevertheless continued to provide services that facilitated that infringement.  They cannot be said to be aiding and abetting the defendant, and thus, the Court cannot bind them to a TRO absent them being named parties.  *See, e.g.*, *Avvo Inc. v. Chang Liang*, No. CV-16-00892-PHX-DLR, 2016 WL 8738247, at *2 (D. Ariz. Apr. 4, 2016) (issuing TRO binding domain registrar and website hosting server who were named as defendants).  The Court therefore denies Plaintiffs' TRO without prejudice and without reaching its merits.

## III.  Expedited Discovery

A court may grant expedited discovery on a showing of good cause.  Fed. R. Civ. P. 26(d).  "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party."  *Breaking Glass Pictures, LLC v. Doe*, No. CV-13-00599-PHX-GMS, 2013 WL 3805637, at *4 (D. Ariz. July 22, 2013) (quoting *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002).  Plaintiffs have detailed their attempts to identify the defendant, and their request for expedited discovery directed to Namecheap, the service provider, is limited to that identification.  This is good cause.

## IV.  Alternative Service by Email

Plaintiffs also ask to serve the defendant by emailing it at the posted contact email on the Blog.  If the defendant is a United States resident, alternative service is appropriate if traditional means of service has failed.  Fed. R. Civ. P. 4.1(k).  If the defendant is foreign, service may be effected by any method reasonably calculated to give notice.  At this stage in the litigation, the defendant's identity is unknown.  Plaintiffs will have expedited discovery to learn the defendant's identity.  If the defendant is a United States resident, it may be possible for Plaintiffs to serve it by traditional means after learning its identity.  The Court thus declines to allow alternative service at this stage in the litigation, but Plaintiffs may renew their request if they are unable to effectuate service of the defendant by traditional means after learning its identity through expedited discovery.

## V.  Conclusion

Plaintiffs do not show that issuing a TRO directed solely at non-party entities is appropriate.  But, Plaintiffs are entitled to expedited discovery directed to Namecheap for the narrow purpose of learning the defendant's identity.  It is premature to order service by alternative means because Plaintiffs have not yet attempted to serve the defendant by traditional means after learning its identity.

**IT IS ORDERED** that Plaintiffs' *ex parte* motion for temporary restraining order (Doc. 2) is **DENIED** without prejudice.

- 4 -

1    **IT IS FURTHER ORDERED** that Plaintiffs may conduct expedited discovery
2    directed to Namecheap, Inc. for the purpose of learning defendant's identity as the
3    registrant of the <cumswallowingmovies.org> domain.

4    **IT IS FURTHER ORDERED** that Plaintiffs' request to serve the defendant by
5    alternative means is **DENIED** without prejudice.

6    Dated this 31st day of March, 2022.

7
8
9
10    _____
11    Douglas L. Rayes
       United States District Judge
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28