**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Fornix Holdings LLC, et al., | No. CV-22-00494-PHX-DLR |
| Plaintiffs, | **ORDER** |
| v. | |
| Unknown Party, et al., | |
| Defendants. | |

On April 22, 2022, Plaintiffs moved for entry of a temporary restraining order ("TRO") directing nominal Defendants Namecheap and Cloudflare to disable the domain name, place a registry hold upon, and suspend services to a blog operated by Defendant Emre Temiz, which Temiz allegedly used to share unauthorized copies of Plaintiffs' copyrighted works. (Doc. 12.) On May 23, 2022, the Court granted Plaintiffs' motion, entered the requested TRO, converted the TRO motion into a motion for a preliminary injunction, and set a briefing and hearing schedule. (Doc. 21.) The preliminary injunction hearing currently is scheduled for June 23, 2022.

Per the Court's schedule, Defendants had until June 9, 2022 to respond to the preliminary injunction motion, Plaintiffs had until June 16, 2022 to file a reply, and the parties were to jointly notify the Court by June 16, 2022 whether the preliminary injunction hearing would be an oral argument or an evidentiary hearing. On June 2, 2022, Namecheap notified the Court that it does not oppose Plaintiffs' requested relief. (Doc. 26.) Cloudflare

previously notified the Court that it did not oppose entry of a TRO (Doc. 17), and Cloudflare failed to file any further response once the Court converted the TRO motion into a preliminary injunction motion. Under Local Rule of Civil Procedure 7.2(i), the failure to file a response may be deemed a consent to the granting of the motion. Though Temiz has been served (Doc. 23), he has not appeared or responded to the preliminary injunction motion. His failure to do so may likewise be deemed a consent to the granting of the motion. Because no defendant responded to the preliminary injunction motion, Plaintiffs did not file a reply. The parties also failed to notify the Court by June 16, 2022 whether the June 23, 2022 hearing would be an evidentiary hearing or an oral argument on the paper record.

The Court finds further proceedings on the preliminary injunction motion unwarranted. The Court's May 23, 2022 order thoroughly explains why injunctive relief is warranted. Namecheap and Cloudflare—the only two parties who have been directed to take any affirmative action in response to the TRO—do not oppose Plaintiffs' requested relief. Temiz has chosen not to appear or respond to the preliminary injunction motion. Consequently, the Court has nothing new before it to consider. For reasons explained in the Court's May 23, 2022 order, the Court finds preliminary injunction relief warranted.

**IT IS ORDERED** that Plaintiff's motion for a preliminary injunction (Doc. 12) is **GRANTED**. The TRO entered by the Court on May 23, 2022 is hereby converted into a preliminary injunction, which shall remain in effect throughout the duration of this litigation, unless otherwise ordered. In light of this ruling, the June 23, 2022 preliminary injunction hearing is **VACATED**.

Dated this 17th day of June, 2022.

Douglas L. Rayes
United States District Judge