**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Fornix Holdings LLC, et al., | No. CV-22-00494-PHX-DLR |
| Plaintiffs, | **DEFAULT JUDGMENT** |
| v. | |
| Unknown Party, et al., | |
| Defendants. | |

Plaintiffs Fornix Holdings LLC and CP Productions, Inc. bring this action against Defendants Emre Temiz and Tucows, Inc. for willful copyright infringement. (Doc. 11.) Despite being served, Defendants failed to appear or respond, so the Clerk entered default against them. (Docs. 56, 60.) Plaintiffs now move for entry of default judgment in the form of a permanent injunction, $3,900,000 in statutory damages, and attorney fees and costs. (Doc. 61.) The motion is granted.

Whether to enter a default judgment is discretionary. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). The Court may consider the following factors when deciding whether default judgment is appropriate: (1) the possibility of prejudice to the plaintiff, (2) the merits of the claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of factual disputes, (6) whether default is due to excusable neglect, and (7) the policy favoring decisions on the merits. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). In considering the merits and sufficiency of the complaint, the Court accepts as true the complaint's well-pled factual allegations. *See Geddes v. United*

*Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977). Although the Court should consider and weigh relevant factors as part of the decision-making process, it "is not required to make detailed findings of fact." *Fair Housing of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002).

Having reviewed Plaintiffs' motion, the Court finds the relevant factors favor entry of default judgment. If default judgment is not granted, Plaintiffs "will likely be without other recourse for recovery." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). Taking the allegations in the complaint as true, Plaintiffs have alleged meritorious willful copyright infringement claims. Indeed, the Court previously granted Plaintiffs a preliminary injunction and, in so doing, found Plaintiffs were likely to succeed on the merits of their claims. (Docs. 21, 30.) There likely are no genuine factual disputes that would preclude granting the motion. There is no evidence that Defendants defaulted due to excusable neglect. Although the amount at stake is substantial, that amount is attributable to the significant number of copyrighted works Defendants have infringed. To their credit, Plaintiffs are seeking only $30,000 in damages per infringed work, which is on the lower end of the range authorized by statute. *See* 17 U.S.C. § 504(c) (authorizing up to $150,000 per infringed work in cases of willful infringement). And although cases "should be decided on their merits whenever reasonably possible" *Eitel*, 782 F.2d at 1472, the existence of Federal Rule of Civil Procedure 55(b) "indicates that this preference, standing alone, is not dispositive." *PepsiCo*, 238 F. Supp. 2d at 1177 (citation omitted). Accordingly, for the reasons articulated in Plaintiffs' motion,

**IT IS ORDERED** that Plaintiffs' motion for default judgment (Doc. 61) is **GRANTED** as follows:

1. Plaintiffs' have valid and enforceable copyrights in the audiovisual works provided in Doc. 61-2 ("Copyrighted Works").
2. Defendant Temiz has committed and continues to commit the following acts:
    a. Registered the domain names <cumswallowingmovies.org>, <cumswallowingmovies.io>, and <cumswallowingmovies.co>

("Domain Names") to operate a website, "Cum Swallowing Movies" ("Infringing Website"), for the below-described acts;

b. Unlawfully creating unauthorized copies of the Copyrighted Works for further unauthorized display and distribution via the Infringing Website;

c. Unlawfully publicly displaying and/or authorizing others to publicly display still frames of the Copyrighted Works on the Infringing Website;

d. Unlawfully reproducing and distributing and/or authorizing others to reproduce and distribute Plaintiffs' Copyrighted Works;

e. Promoting the availability of Plaintiffs' Copyrighted Works through the Infringing Website; and

f. Continuing the acts detailed in ¶¶ (a)-(e) above after receiving notice of infringement from Plaintiffs, after the commencement of this action, and after and in violation of the preliminary injunction entered in this action (Doc. 30).

3. Defendant Temiz's acts constitute direct infringement of Plaintiffs' Copyrighted Works in violation of the Copyright Act, 17 U.S.C. § 101 *et seq.*

4. Defendant Temiz shall pay damages to Plaintiffs in the amount of **$3,960,000**.

5. Plaintiffs may move for attorney fees and costs in a manner that complies with LRCiv 54.2.

6. Defendant Temiz, and all officers, agents, servants and employees, and all those persons or entities acting in active concert or participation with Temiz, and all persons and entities who receive actual notice of this order, are immediately and permanently enjoined from engaging in any of the following activities:

    a. Storing, reproducing, displaying, or distributing any Copyrighted Works;

    b. Transmitting, retransmitting, assisting in the transmission of, requesting transmission of, streaming, hosting or providing unauthorized access to, or otherwise publicly performing, directly or indirectly, by means of any device or process, Plaintiffs' Copyrighted Works;

     c. Selling, advertising, marketing, or promoting any Copyrighted Works;

     d. Creating, operating, maintaining, or managing any website in support of the activities described in ¶¶ (a)-(c);

     e. Registering, owning, receiving, or transferring any domain name in support of the activities described in ¶¶ (a)-(d);

     f. Creating or providing assistance to others who wish to engage in the activities described in ¶¶ (a)-(e).

7. Defendant Temiz is further immediately and permanently enjoined from:

     a. Advertising or promoting unauthorized access to or the availability of Plaintiffs' Copyrighted Works;

     b. Encouraging or soliciting others to transmit or reproduce Plaintiffs' Copyrighted Works;

     c. Encouraging or soliciting others to upload, post or index any files that constitute, correspond, point or lead to any of Plaintiffs' Copyrighted Works;

     d. Encouraging or soliciting others to offer transmission of Plaintiffs' Copyrighted Works;

     e. Providing technical assistance, support services or servers to others engaged in infringement of, or seeking to infringe, Plaintiffs' Copyrighted Works;

     f. Creating, maintaining, highlighting or otherwise providing access to lists or forums that include, refer to or signal the availability of Plaintiffs' Copyrighted Works;

     g. Including references to Plaintiffs' Copyrighted Works in any promotional materials; and

     h. Creating, maintaining or providing access to the Infringing Website.

8. Defendant Temiz shall not enter into any agreement or transaction to sell, lease, license, assign, convey, distribute, loan, encumber, pledge or otherwise transfer,

whether or not for consideration or compensation, any part of the system, software, source code, data file, other technology, or domain names used in connection with the Infringing Website.

9. Namecheap, Inc., as registrar of the domain name <cumswallowingmovies.org>, upon notice of this order, is directed to:

   a. Immediately disable the <cumswallowingmovies.org>, or any subset of <cumswallowingmovies.org>, specified by Plaintiffs, through a registry hold or otherwise, to prevent Temiz from transferring, redirecting, or changing the status of the said domain name; and

   b. At the direction of Plaintiffs, transfer <cumswallowingmovies.org>, to Plaintiffs' ownership and control, including by changing the registrar of record to the registrar of Plaintiffs' choosing; and

   c. Suspend any services for <cumswallowingmovies.org> or to Defendant Temiz.

10. Cloudflare, Inc., as the website hosting and security service provider for "cumswallowingmovies.org" and "cumswallowingmovies.io," is directed to:

    a. immediately, upon notice of this order, suspend any services to the website at "cumswallowingmovies.org" or "cumswallowingmovies.io," and place an administrative lock on the website to prevent accessing and downloading the content of the website or transferring the content to another domain name or hosting service, pending further order of this Court; and

    b. Suspend any services to Defendant Temiz.

11. Tucows, Inc., as registrar of the domain name <cumswallowingmovies.io> and <cumswallowingmovies.co>, is directed to:

    a. Immediately, upon service copies of this order, complaint, and moving papers by email at compliance@tucows.com, disable the said domain names and place a registry hold on the domain names, to prevent Temiz

       from transferring, redirecting, or changing the status of the said domain name;

   b. At the direction of Plaintiffs, transfer <cumswallowingmovies.io> and <cumswallowingmovies.co>, to Plaintiffs' ownership and control, including by changing the registrar of record to the registrar of Plaintiffs' choosing; and

   c. Suspend any services for <cumswallowingmovies.io> and <cumswallowingmovies.co> or to Defendant Temiz.

12. Upon entry of this default judgment, the Clerk of the Court shall terminate this case.

Dated this 27th day of September, 2023.

_____
Douglas L. Rayes
United States District Judge